**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 05-771 JB

WAYNE WARE,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendant's Objection to Presentence Report, filed September 14, 2005 (Doc. 32); and (ii) the United States unopposed oral motion to dismiss Counts II-V of the Indictment, made at the sentencing hearing on September 22, 2005. The primary issue is whether the Court should sustain Defendant Wayne Ware's objection to a two-level sentence enhancement that the United States Probation Office ("Probation") proposes in the Presentence Report ("PSR"). Because the United States has not established by a preponderance of the evidence that Ware's offense involved ten or more victims under U.S.S.G. § 2B1.1(b)(2)(A), the Court will sustain Ware's objection to the PSR and, while treating the Guidelines as advisory, nonetheless impose a sentence consistent with the Guidelines. Furthermore, the Court grants the United States' unopposed motion to dismiss the remaining counts of the Indictment.

**PROCEDURAL BACKGROUND**

On April 12, 2005, a federal grand jury returned a five-count Indictment against Ware. The grand jury charged Ware with five counts of violating 18 U.S.C. § 1708, Theft or Receipt of Stolen Mail Matter. On May 25, 2005, Ware pled guilty to Count I of the Indictment. See Clerk's Minutes

at 1, filed May 25, 2005 (Doc. 20). In the Plea Agreement, Ware admitted the truth of the facts set forth in Count I. See Plea Agreement at 3-4, filed May 25, 2005 (Doc. 22). The United States agreed to move at sentencing for dismissal of Counts II-V. See id. at 7. The Plea Agreement contained no stipulations about whether the United States would pursue an enhancement for an offense involving ten or more victims. See generally Plea Agreement. See also Transcript of Hearing at 9:8-16 (taken September 22, 2005).[1]

On September 14, 2005, Ware filed his Objection to Presentence Report ("Objection to PSR"). Ware objects to the two-level enhancement that Probation proposes in paragraph 25 of the PSR for an offense involving ten or more victims under U.S.S.G. § 2B1.1(b)(2)(A). See Objection to PSR at 1. Ware bases his objection on the fact that neither Count I of the Indictment nor the Plea Agreement referred to ten or more victims. See id. at 2-3. Given that Ware did not admit to the number of victims beyond the one victim named in Count I, Ware argues that enhancing his sentence would violate the Supreme Court of the United States' decision in United States v. Booker, 125 S. Ct. 738 (2005), because a jury did not find the number of victims beyond a reasonable doubt. See Objection to PSR at 2-3.

The United States filed a response to Ware's objection on September 19, 2005. The United States asserts that Booker did not declare judicial fact-finding unconstitutional when a court applies the Guidelines as advisory and not mandatory. See Response of the United States to Defendant's Objection to Pre-Sentence Report and Request for Evidentiary Hearing at 3 (Response), filed September 19, 2005 (Doc. 33). According to the United States, the Court must still consider what

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

the Guidelines sentence is, including the recommended two-level enhancement. See id. at 3-4. The United States also requested an evidentiary hearing. See id. at 5.

On September 21, 2005, the United States moved to withdraw its request for an evidentiary hearing. The United States explains that it had offered, before Ware's entry of a guilty plea, not to pursue a two-level enhancement based on the number of victims. See Motion of the United States to Withdraw Request for Evidentiary Hearing at 2, filed September 21, 2005 (Doc. 34). This term does not appear in the Plea Agreement because Ware never agreed to it. See id. After the United States filed its motion for an evidentiary hearing, Ware's counsel contacted the United States and asked the United States to honor that offer by not pursuing the two-level enhancement any further. See id. In its motion to withdraw the request for an evidentiary hearing, the United States expresses its willingness to not pursue the enhancement. See id.

At the sentencing hearing on September 22, 2005, Ware reiterated his objection to the PSR. See Transcript of Hearing at 4:2-6. The Court indicated its belief that Ware was not objecting to the facts alleged in the PSR, but merely the application of the two-level enhancement based on those facts in paragraphs 17 and 25. See id. at 4:7-5:8. Without any objections to the facts in the PSR, the Court could proceed to find a two-level enhancement was appropriate. See United States v. Virgen-Chavarin, 350 F.3d 1122, 1133 (10th Cir. 2003)("When a defendant fails to assert contradictory facts that challenge the accuracy of the PSR, he has failed to demonstrate prejudice and it would be meaningless to remand for re-sentencing.")(citing United States v. Archer, 70 F.3d 1149, 1151 (10th Cir. 1995)); United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994)("Although the burden of proof is on the government, the burden of alleging factual inaccuracies of the presentence report is on the defendant.")(citing Fed. R. Crim. P. 32(c)(3)(D)).

Ware's counsel asserted that the objection to the PSR included not only the application of the two-level enhancement itself but also the evidence underlying the recommended increase, such as the assertion that ten or more victims were involved. See Transcript of Hearing at 14:15-17. Ware's attorney explained that Ware's objection in the brief to the application of the enhancement included an objection to the evidence supporting the increase. See id. at 16:9-15. Accordingly, the Court accepted Ware's objection to the facts in paragraphs 17 and 25.

To support the objection to the two-level enhancement, Ware's attorney pointed to the inconsistent numbers of victims cited in the PSR, including the numbers 30, 32, and 34. See id. at 15:23-16:5. Furthermore, Ware's counsel decried a lack of specificity in the PSR concerning whether the victims were recipients or addressees as provided for in Application Note 4 to U.S.S.G. § 2B1.1(b)(2)(A). See id. at 17:1-18:2.

**LAW REGARDING EVIDENCE FOR ENHANCEMENTS**

The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and a public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

Building on its previous decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), the Supreme Court held in Booker that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 125 S. Ct. at

756. The Supreme Court specifically applied this rule to the Sentencing Guidelines, concluding that factual findings made by the judge that would increase the mandatory guideline range are unconstitutional. See id. at 749-50 (applying the Blakely logic to the federal Sentencing Guidelines because under the federal sentencing system "the relevant sentencing rules are mandatory and impose binding requirements on all sentencing judges").

To rectify the Sixth Amendment violation while at the same time preserving the Guidelines, the Supreme Court excised the portions of the Sentencing Reform Act making application of the Guidelines mandatory. See id. at 756. Without its mandatory provisions, the Guidelines became advisory. See id. Even though the Supreme Court struck down the mandatory application of the Guidelines, however, the Supreme Court "[d]id not render judicial fact-finding by a preponderance of the evidence per se unconstitutional." United States v. Dalton, 409 F.3d 1247, 1251 (10th Cir. 2005). Instead, "such fact-finding is unconstitutional only when it operates to increase a defendant's sentence *mandatorily*." See id. (emphasis in original).

While nullifying only the Sentencing Reform Act's mandatory portions, the Supreme Court left intact a sentencing court's discretion to consider virtually any information for the purpose of imposing an appropriate sentence, including "information concerning the defendant's life and characteristics." United States v. Magallanez, 408 F.3d 672, 684 (10th Cir. 2005)(citing Williams v. New York, 337 U.S. 241, 247 (1949)). Just as it was "[b]oth before and under the Guidelines," so too is it today after Booker: "[F]acts relevant to sentencing have generally been found by a preponderance of the evidence." Id. at 684 (citing United States v. Watts, 519 U.S. 148, 155 (1997)).

Although the Guidelines are now only advisory, the Tenth Circuit has held that "district courts

are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before. The only difference is that the court has latitude, subject to reasonableness review, to depart from the resulting Guideline range." United States v. Dalton, 409 F.3d at 1252 (citing United States v. Magallanez, 408 F.3d at 685). Nevertheless, before considering the Guidelines, the Court must determine what the Guidelines sentence would be. And it is up to the United States to establish facts necessary for an upward adjustment. See United States v. Rutter, 897 F.2d 1558, 1560 (10th Cir. 1990)("We recently decided that the quantum of proof required for factual determinations under the Sentencing Guidelines is a preponderance of the evidence and the burden of proof generally is allocated to the government for sentence increases and to the defendant for sentence decreases.")(citation omitted). There is nothing in Booker or in subsequent Tenth Circuit law that suggests that the burden of proof or the standards of proof has changed.

## ANALYSIS

### I. THE UNITED STATES HAS NOT SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT WARE'S CRIME INVOLVED TEN OR MORE VICTIMS.

The United States has not shown by a preponderance of the evidence that a two-level enhancement is warranted against Ware. U.S.S.G. § 2B1.1(b)(2)(A) provides for a two-level enhancement if the offense "involved 10 or more victims." The PSR recommended a two-level enhancement because the authorities found Ware with mail belonging to thirty-four people. PSR at 8.

Yet the number of victims tends to vary depending on which document, even which part of a document, one reads. In another section of the PSR, Probation informs the Court that there are

thirty-two victims. See id. at 6. The United States, in its Response, cites "approximately 30" victims. See Response at 2. Nowhere, in either the Plea Agreement or the PSR, is the Court given the names of these alleged victims so that the Court can add them up and determine exactly how many victims suffered because of Ware's crime. Without an exact number of victims put forward by the United States, the Court cannot determine whether Ware's crime involved ten or more victims.

A further ambiguity is the fact that the United States fails to characterize whether the alleged victims were recipients or addressees. Under Application Note 4 to U.S.S.G. § 2B1.1, a victim is either a person who meets the definition of victim under Application Note 1 or is "any person who was the intended recipient, or addressee, of the undelivered United States mail." Neither the United States nor Probation attempted to argue that any of Ware's victims fell within the definition of victim under Application Note 1. See Transcript of Hearing at 17:14-18.

As for the second definition of victim, Ware's attorney contended that the PSR fails to specify whether Ware's victims were recipients or addressees of the undelivered mail. See id. at 18:1-2. Without this specificity, the Court cannot determine whether Ware qualifies for the two-level enhancement because his offense involved ten or more recipients or addressees.

In sum, the United States has not carried its burden of showing by a preponderance of the evidence that a two-level enhancement is warranted. Accordingly, the Court will decline to make the two-level upward adjustment that Probation recommends.

## II. THE COURT WILL DISMISS COUNTS II-V OF THE INDICTMENT.

At the sentencing hearing on September 22, 2005, the United States made an oral motion to dismiss the remaining counts of the Indictment. See id. at 35:2-5. Ware's attorney made no objection to this motion. See id. at 35:6-8. Consistent with the Court's ruling at the hearing, the

Court grants the motion to dismiss Counts II-V of the Indictment.

## III. THE COURT WILL GIVE WARE A GUIDELINES SENTENCE.

The Court and Ware agree on what the Guidelines range is: 0-6 months. See id. at 20:5-8. As the transcript of the sentencing hearing and this opinion reflect, the Court has considered the Guidelines, but under Booker, in arriving at a sentence, the Court must take account of the Guidelines with other sentencing goals. Specifically, the Court considers the Guidelines' sentencing range established for the applicable categories of offense committed by the applicable defendant. The Court believes, and apparently Ware agrees, that the punishment set forth in the Guidelines is appropriate for this sort of offense.

The question then becomes where in that range to set the Sentence. At the hearing, the parties agreed that a term of four years of probation would be acceptable. See id. at 27:22-28:4, 28:17-29:3, 29:14-24. Ware has been in custody since June 13, 2005, or 94 days at the time of sentencing. The Court agrees with the parties that Ware is more likely to receive the help that he needs to live a normal life with this longer term of probation than with spending the remainder of six months in jail to which he could be sentenced under the Guidelines.

The Court believes that a sentence of four years of probation reflects the sentence of this offense, promotes respect for the law, provides just punishment, affords adequate deterrent, protects the public, and, because of other aspects of the sentence, will provide Ware with the care and counseling he needs. This sentence fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). The Court also believes the sentence is reasonable. The Court believes that the sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Court sustains Ware's Objection to Presentence Report. The Court also grants the United States' unopposed oral motion to dismiss Counts II-IV of the Indictment.

UNITED STATES DISTRICT JUDGE

*Counsel*:

David Iglesias
United States Attorney
Mary L. Higgins
Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Susan Bronstein Dunleavy
Assistant Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*